## No. 7988.

### STATE OF LOUISIANA VS. WM. VANCE.

It is no valid objection to an Indictment that it is signed by the District Attorney *pro tempore*, when this officer has acted in ignorance of the fact that the District Attorney was at the time in the parish and on his way to the parish seat.

Evidence of the quarrelsome and dangerous character of the deceased was properly rejected, when offered on the ground, laid for its admission, that he had said that "if accused continued to bother him about a certain debt, he would kill him," and that said statement had been communicated to the accused.

APPEAL from the Fifteenth Judicial District Court, parish of Pointe Coupée.   *Yoist, J.*

Robert Semple, District Attorney, and J. C. Egan, Attorney General, for the State, Appellee.

First—In the absence of the District Attorney, the District Attorney *pro tempore* is authorized and required to discharge and perform the duties required by law of the District Attorney.   R. S. 1074 and 1075.

Second—The accused cannot object that a copy of the indictment was not served upon him after going to trial.   4 A. 379.

Third—Evidence offered generally to prove that the deceased was well known and understood to be "a quarrelsome and savage man," is inadmissible.

Defendant and Appellant unrepresented in this Court.

The opinion of the Court was delivered by

FENNER, J.   The defendant appeals from a verdict, judgment and sentence for manslaughter.

We are left to examine his defenses without the aid of any brief by his counsel.

The record presents a demurrer and four bills of exception.

The demurrer to the indictment is on the ground that it is signed by the District Attorney *pro tempore* and not by the District Attorney, although it is said the latter was in the parish at the time.   The record

discloses that the District Attorney, who resided in a different parish, had probably landed in the parish and was *en route* to the parish seat when the indictment was signed and returned into court by the *pro tempore* officer, but that he had not reached the court house, and the *pro tempore* attorney was not aware of his presence in the parish at the time.

We think the authority granted the District Attorney *pro tempore* under sections 1074 and 1075 of the Revised Statutes, is broad enough to cover the case.

The first bill of exception is taken simply to the judgment of the court in overruling the demurrer.

The second is taken to the action of the court in admitting testimony to establish the circumstances under which the District Attorney *pro tempore* acted. The testimony was properly admitted. Had none been taken the presence of the District Attorney in the parish would not have been established, and the demurrer would have fallen under the weight of the presumption *omnia rite acta*.

The third bill is taken to the overruling by the court of his objection to going to trial on the ground that the copy of the indictment served on him was not a true copy of that found. The variances shown are too trivial to require notice.

The fourth bill is to the ruling of the court rejecting evidence offered by the accused to prove the quarrelsome and dangerous character of the deceased, the ground laid for the admission thereof being that the deceased had said to one Nurdin " that if accused continued to bother him, deceased, about a certain debt, he, the deceased, would kill accused," and that said statement had been communicated to accused.

The judge *a quo* excluded the evidence, on the ground that such conditional threat was not the kind contemplated by the law as a foundation for the admission of evidence of the kind offered. We think the judge did not err. Such conditional threat does not bring the case within the reason of any exception to the general rule excluding evidence of the character of the person killed. Taking the statement of deceased as serious, it affords accused not the slightest reason to suppose that deceased intended any hostile action towards him unless preceded by the designated action of the accused. It is not shown that accused did further annoy the deceased about the debt ; nor does the record disclose any action on the part of deceased evincing any hostile purpose.

Under these circumstances, the character of the deceased could not afford the accused the least justification for the killing.

See, on this subject, 5 A. 489 ; 9 A. 46 ; 10 A. 453 ; 12 A. 679 ; 21 A. 473 ; 29 A. 593 ; 30 A. 341, 679 ; Wharton Crim. Law, pp. 545 to 551.

The judgment of the lower court is, therefore, affirmed.